**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PUSHPEEL LLC,** | **Civil Action No.** **2:25-cv-01957-MRH** |
| Plaintiff, | |
| v. | **Judge Mark R. Hornak** |
| **THE LOYAL WINDOW, et al.,** | |
| Defendants. | |

**CERTAIN DEFENDANTS' EMERGENCY MOTION TO RECONSIDER AND VACATE ECF NO. 218, AND RESPONSE IN OPPOSITION TO ECF NO. 215**

Defendant Nos. 16 (CHENYANLAN-US), 21 (DLRBEST), 22 (DODOMAGXANADU), 24 (DZY MALL), 27 (FUNSENLY), 32 (HELLO PAPAYA-US), 33 (HELSORT DIRECT), 36 (HOTMAIWAY), 37 (HUSUN), 41 (KECULF SHOP), 42 (KIDHABE), 46 (KUNZEN), 61 (PANDA SMARTBUY), 64 (PLUVOGE), 65 (PRLUNVS), 70 (RIOSTY), 81 (TIANYOUKEJI), 84 (VEEUEDOI), 199 (OTTOYS), 203 (SPORTSOUTDOOR), 205 (TWSHOP), 211 (DODOMAGXANADU), and 223 (TOYNEXUS) (collectively, the "Affected Defendants") respectfully move under Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to reconsider and vacate the Order at ECF No. 218, and submit this response in opposition to Plaintiff's motion at ECF No. 215. Because ECF No. 215 was presented as "unopposed" and granted the same day before the Affected Defendants could respond, this filing supplies the adversarial record that the Court did not have when it entered ECF No. 218.

The Affected Defendants request that the Court (1) correct the record to reflect that they did not consent to extending the temporary restraining order beyond July 10, 2026; (2) vacate ECF No. 218 and deny ECF No. 215; and (3) grant such expedited, defendant-specific relief as is necessary to prevent the challenged restraints from continuing on the basis of a materially inaccurate representation. In the alternative, the Court should treat ECF No. 215 as opposed, require an immediate response to ECF No. 210, and adjudicate the propriety and scope of any continued restraint no later than the July 23, 2026 status conference.

On July 2nd, 2026, undersigned counsel conferred with Plaintiff's counsel regarding the relief requested here. Plaintiff's counsel stated that Plaintiff counsel was on vacation and not available to meet and confer until the 14th of July, well after the filing date of ECF 210. Regarding ECF No. 215, that was presented as "unopposed", certain Defendants' former counsel Ms. Rocha advised the Certain Defendants that she did not consent to the extension of the TRO order. She also separately contacted Plaintiff counsel and demanded correction of ECF No. 215 on July 13, 2026, but no correction appears on the docket through the filing of this motion. See Declaration of Marta Sylwia Rocha ("Rocha Decl.") ¶ 13 & Ex. A.

Dated: July 16, 2026

Respectfully submitted,

*/s/ Zhihui (Julie) Guo*
Zhihui (Julie) Guo
New York Attorney Registration No. 4766705
JS Law
200 East 36th Street, 16th Floor
New York, New York 10016
(917) 250-7787
sellersusip@gmail.com
Attorney for Certain Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all registered counsel of record.

Respectfully submitted,

*/s/ Zhihui (Julie) Guo*
Zhihui (Julie) Guo
New York Attorney Registration No. 4766705
JS Law
200 East 36th Street, 16th Floor
New York, New York 10016
(917) 250-7787
sellersusip@gmail.com
Attorney for Certain Defendants